## BANK OF NEW ORLEANS *v.* CITY OF NEW ORLEANS.

Where payment has been made of a tax which might have been resisted at law, the money cannot be recovered:

1st. If the tax is on property, whether exempt from general taxation or not, and the assessment is rather a toll or contribution than a tax, and the party paying has derived a direct benefit from the improvements made by the imposition of the tax or assessment.

2d. Where the property was liable to taxation, and the illegality of the tax depends upon some informality in the passage of the law establishing the tax.

But where the tax is imposed, not for the direct benefit of the party who sues to recover it, as having been paid in error, but for the general support of the commonwealth, and it has been imposed upon property or a profession exempt by law from taxation, the money must be refunded.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Elmore & King* and *J. B. Eustis*, for plaintiff. *J. Livingston*, for defendant and appellant.

COLE, J. Plaintiff claims of the city of New Orleans $525 for this, to wit: that on the 19th day of January, 1855, the city of New Orleans exacted from petitioner $500 as a tax on the profession he exercised during the year 1854, and $25, amount of railroad tax; that this tax was not legally due, but was paid through mistake and error of law, without any consideration or obligation.

The answer is a general denial, and an averment that plaintiff was bound to contribute to the legal government for protection received. Judgment was rendered for plaintiff, and the city has appealed.

Plaintiff relies on the case of the *City of New Orleans* v. *Southern Bank*, 11 An. 41, to show the illegality of this tax.

In that case it was decided that its stock could be taxed at the same rate as other personal property, but not in any other manner, and therefore that the calling, business or profession of the Southern Bank could not be taxed.

The only question, then, is whether a tax paid on a profession exempt from taxation can be reclaimed as money paid in error.

We will refer to a few cases in which reclamations were made for money alleged to have been paid in error, and then deduce from them and the law in general the principles which govern suits for the recovery of money paid in error for taxes.

In the case of the *Catholic Society* v. *New Orleans*, 10 An. 75, it is decided that the exemption of the society by law from payment of taxes on its property, repels the idea of anything like a natural obligation on the part of the plaintiff for their payment, and this decision is based on Articles 2280 and 2281 of the Civil Code: "He who has paid through mistake, believing himself a

BANK OF N. O.  debtor, may reclaim what he has paid. To acquire this right, it is necessary
*v.*
NEW ORLEANS.  that the thing paid be not due in any manner, either civilly or naturally. A
natural obligation to pay will be sufficient to prevent the recovery."

The court in this case also say: "If these institutions merited the protection
and encouragement of the State government, it is difficult to perceive how any
natural obligation could possibly exist on their part for the payment of taxes
from which they were exempted. Vide *Ligon* v. *New Orleans Navigation Co.*,
2 L. R. 129.

In the case of *Worsley* v. *Second Municipality of New Orleans*, 9 Rob. 325,
this court refused to compel defendant to refund money alleged to have been
paid in error, on the ground that if the Act of 1808 did not authorize the Muni-
cipality to exact the wharfage dues, yet the corporation had, at their own ex-
pense, conferred upon the growing commerce of the country an immense ad-
vantage; that the money was voluntarily paid, and plaintiffs derived advantage
and profit from those expenditures for the wharves and levees, which the city
was under no legal obligation to furnish, to the extent, at least, that they now
exist.

They knew when they paid that it was in the nature of a remuneration for
the use of the wharves; there was a natural obligation to pay, and equity for-
bids that they should recover it back.

In the case of *Hills* v. *Kernion*, 7 Rob. 523, this court refused to cause de-
fendant to refund money as paid in error, on the ground that equity forbidding
that plaintiffs should profit by the labor of the defendants without remunera-
tion, and the consideration for which the extra compensation was paid not
being immoral or unjust, there was a natural obligation on the part of the
plaintiffs to pay, and that no action will lie to recover back the amount.

In the case of *W. L. Campbell* v. *City of New Orleans*, ante, p. 34, the
decision of this court, refusing to compel the city to refund a tax alleged to
have been paid in error, was based on the ground that the obligation of plaintiff
to pay the tax subsisted in conscience and according to natural justice, because
it was neither immoral nor unjust, although informally contracted. In this
case there was a mere informality in the imposition of the tax, but *Campbell*
had derived benefit from the expenses incurred by the city for his benefit and
protection, and it had the abstract prerogative to impose taxes upon the property
assessed. Vide *City of New Orleans* v. *Phillippi*, 9 An. 44.

It was then just for him to pay it. There was a natural obligation on his
part to assist in the support of the expenses of the city, and the latter could
not then be condemned to refund the tax.

In this suit the court also say: "The case would present quite a different
aspect if the tax had been paid upon property not subject to taxation at all."

In *Jamison* v. *City of New Orleans*, ante, p. 346, the plaintiff had been
assessed $400 for the opening of Benton street. In that case the city had been
at expense in opening it for the benefit of the property holders contiguous to
it. *Jamison* having paid the assessment without objection, and it being really
just and equitable that he should contribute a part of the expenses, he was
then under a natural obligation to pay it, and this court decided that he could
not recover.

We deduce from the preceding cases and the law in general the following
principles which ought to govern suits instituted for the recovery of money
paid in error for taxes, to wit: Although a corporation could not enforce the

payment of a tax if resisted at law, yet if the party has paid it he cannot re- <span style="float:right">Bank of N. O.<br>*v.*<br>New Orleans.</span>
cover it back under the following circumstances :

1st. Where the tax is on property, whether exempt from general taxation or not, and where the assessment may rather be considered a *toll* or contribution than a tax, and where the party derives a *direct* benefit from the improvements made by an imposition of a tax or assessment, as, for example, in the case of the opening of a street—the benefit to the property holders in its vicinity—the party cannot then recover back his money, because as he enjoys a direct advantage from its expenditure, it is not equitable that he should have both the benefit and the money. There is a natural obligation on him to pay, therefore he cannot recover it.

We have said above that the party cannot recover in the preceding state of facts, even if his property is exempt from general taxation, and this is just, for although his property may not be subject to general and public taxes to be assessed and collected for the benefit of the town, county or State at large, yet it is liable to such assessments as are intended and directed to be made upon the owners of lots and lands, or other property which may receive benefit and advantage by the improvement; and this distinction was held by the Supreme Court of the State of New York, in the case of a religious association which was there exempt from taxation under the general law exempting churches from taxation, and it was held liable for an assessment for the opening of a street. 11 Johnson, 80; *Worsley* v. *The Second Municipality of New Orleans*, 9 Rob. 335.

2d. The party cannot recover back his money where the property was liable to taxation, and the illegality of the tax depends upon some informality either as to the time of the enactment of the law imposing it, the mode of promulgation or any other error relative to its passage. This is also just, because there is a natural obligation on every citizen to contribute to the support of his government.

3d. When the tax is imposed, not for the direct benefit of the party who sues to recover it back as paid in error, but for the general support of the commonwealth; and when it is levied on property or on a profession exempt by law from taxation, then the money must be refunded, because as the legislative power did not deem it requisite to tax such property or profession for its support, then the taxation thereof was unnecessary for the purpose of defraying the expenses of the State. It would not then be just to force a party to pay what was not needed, and in this case, if a party has paid a tax he can recover it back, because there was no natural obligation on him to pay to the State what was not necessary to its support; in other words, he was under no obligation to make it donations.

As the Bank of New Orleans has paid a tax on its profession from which it was exempt by law, defendant is bound to refund the money.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.

Spofford, J., recused himself, being a stockholder in the bank.

Buchanan, J., took no part in this decision.

Voorhies, J., concurring. In the case of the *City of New Orleans* v. *The Southern Bank*, 11 An. 41, this court held the tax of $500, levied under the city ordinances "on every bank organized and doing business under the free banking law of this State," to be illegal.

<div style="margin-left:note">BANK OF N. O.<br>v.<br>NEW ORLEANS.</div>

The tax levied on the Bank of New Orleans under that ordinance was paid by the plaintiff. In the *Catholic Society* v. *City of New Orleans*, 10 An. 73, where the property assessed was exempted from taxation, it was held that the defendant was entitled to recover back the tax as illegally exacted, inasmuch as no natural obligation existed for its payment. In a case subsequently decided, (*W. L. Campbell* v. *City of New Orleans*, ante, p. 34,) where there was no law exempting the plaintiff's property from taxation, the court held that the action of repetition did not lie, as a natural obligation existed to pay the tax assessed. The distinction existing between those two cases is clearly defined in the latter.

Considering that the Bank of Orleans was exempted from the payment of the tax for which it was assessed, according to the decision in the case of the Southern Bank, I concur in Mr. Justice Cole's conclusion.