## A. L. BINGAMAN *v.* JOHN G. COCKS et s.

A party who voluntarily executes the judgment of a Jockey Club against him cannot afterwards come into Court and reclaim the amount so paid.

APPEAL from the Second District Court of New Orleans, *Morgan.* J.

*L. M. Day* and *B. S. Tappan,* for plaintiff and appellant. *H. H. Strawbridge* and *H. D. Ogden,* for defendants.

BUCHANAN, J. Plaintiff sues the three defendants for the recovery of one thousand dollars deposited in their hands, as judges of a sweepstakes race over the Metarie Course, run by three horses belonging to plaintiff and two other persons, in January, 1857.

He alleges that he is entitled to said money, because the race was adjudged to him by the said judges, although their decision was subsequently reversed by the Metarie Jockey Club, and the sweepstakes awarded by the judgment of said Club to another party, to whom they were paid.

The plaintiff contends that the Jockey Club had no right of appeal under the bye-laws of the Club, and that the decision of the judges of the race, appointed by the parties, was final.

It is needless to go into the facts of this case, as detailed by numerous witnesses, and the questions of racing law argued by counsel, inasmuch as we are of opinion the plaintiff cannot stand in Court to prosecute this action against the present defendants. It is in proof, without contradiction, that the defendants, or a majority of them, having adjudged the race in favor of plaintiff, the sweepstakes were paid over to him by the defendants; that after the decision of the Jockey Club,

32

BINGAMAN
v.
COOKS

upon the appeal of *Mr. Kenner*, reversing the judgment of defendants, the said sweepstakes were returned to the judges (defendants) by plaintiff; and were thereupon, to the knowledge of plaintiff, and without opposition from him, paid over to *Mr. Kenner*, in accordance with the judgment of the Jockey Club. In this state of facts, plaintiff has no claim against defendants. If he were entitled to the money at their hands, they discharged their obligation to him by paying it over to him. If the Jockey Club were wrong in adjudging the purse to his competitor, he might have refused to return it to the judges, or might have stopped it in their hands by a writ of injunction until he should have had a decision of a court of law upon his rights in the premises. He has done neither of these things, and is therefore without claim against defendants. His action, if any he has, is against the party to whom the money was awarded by the decision of which he complains; but which, *it seems*, he has voluntarily executed.

.Judgment affirmed, with costs.

MERRICK, C. J., absent.