(74 South. 706)

No. 21719.

SIMS et al. v. VILLAGE OF MER ROUGE.

(June 30, 1916. On Rehearing, Jan. 15, 1917.
On Second Rehearing, Jan. 23, 1917. Sup-
plementary Opinion March 12, 1917.)

*(Syllabus by Editorial Staff.)*

1. LICENSES ⬦34—RECOVERY OF TAXES —
VOLUNTEER PAYMENT—PRESUMPTION.

In the absence of any allegation that the
payment of a license tax was made under com-
pulsion, such as from an actual seizure of plain-
tiff's property or from a threat of criminal prose-
cution actually made, the payment of the tax
must be considered to have been made volunta-
rily.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. § 68.]

*(Syllabus by the Court.)*

On Rehearing.

2. LICENSES ⬦34 — RECOVERY OF TAXES
PAID—LICENSE NOT LEVIED.

License taxes for the current year cannot be
lawfully collected under a municipal ordinance
levying taxes for the previous year; but when
such collections have been made, and the money
paid has been deposited in the municipal treas-
ury, the municipality is obliged to restore the
money to the persons from whom it was unduly
received. Civ. Code, art. 2301.

[Ed. Note.—For other cases, see Taxation,
Cent. Dig. § 68.]

Appeal from Sixth Judicial District Court,
Parish of Morehouse; Ben C. Dawkins,
Judge.

Actions by G. M. Sims (No. 9365), by Sims
& Ingram (No. 9366), and by Norsworthy &
Yeldell (Nos. 9367, 9368), all against the Vil-
lage of Mer Rouge. Judgment for the de-
fendant on exception of no cause of action
was rendered in each action, and the plain-
tiffs appeal. Judgment reversed as to suits
Nos. 9365, 9367, and causes remanded, and
judgment affirmed as to suits Nos. 9366 and
9368.

William B. Stuckey, of Mer Rouge, for ap-
pellants. Fred M. Odom, of Bastrop, for ap-
pellee.

PROVOSTY, J. An ordinance of the vil-
lage of Mer Rouge reads:

"Be it enacted," etc., "that the license tax to
sell near beer during the year 1913 shall be
$250."

This ordinance by its very terms applied
only to the year 1913, but plaintiff paid the
said license for the year 1914, and now sues
to recover back the amount thus paid. He
alleges that he made the payment through
error of law and fact and by mistake and—

"involuntarily, under pressure, protest, duress,
and fear of criminal prosecution, as provided by
both Act 178 of 1912 and the said ordinance."

He alleges further that the money thus
paid by him is still in the village treasury—

"because the said village was in possession of a
large surplus revenue when the money was paid
in, and has been in possession of a large surplus
ever since that time, and is in possession of a
large surplus of revenue at this time, and this
surplus contains the $250 belonging to your pe-
titioner."

An exception of no cause of action, based
on the proposition that a tax voluntarily
paid cannot be recovered back, was sustain-
ed below.

There can be no moral obligation to pay
a license never in fact levied; hence the
money thus paid was due in no way, and,
such being the case, can be recovered back,
if made in error, unless its reimbursement as
well as that of similar payments made by
others, would cause disturbance to the financ-
es of the village.

[1] In the absence of any allegation that
the payment was made under compulsion
such as might have resulted from an actual
seizure of plaintiff's property or from a
threat of criminal prosecution actually made,
the payment must be considered to have been
made voluntarily. Simpson v. New Orleans,
133 La. 384, 63 South. 57; Fuselier v. St.
Landry, 107 La. 221, 31 South. 678; Mayor
and Board v. Moss Hotel, 112 La. 525, 36
South. 552; and cases thus cited.

Perhaps the better doctrine might be that
a payment made under the compulsion of
the alternative of having to either discon-
tinue business or else expose oneself to the

annoyance of a criminal prosecution with the attendant danger of conviction is involuntary (Atchison, Topeka & Santa Fé R. R. Co. v. Timothy O'Connor, 223 U. S. 280, 32 Sup. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050); but the settled jurisprudence of this state is the other way. In the numerous cases involving liquor licenses in which the right of recovery has been denied the plaintiff would have exposed himself to criminal prosecution for selling liquors without a license if he had not made the payment, and yet in all of said cases the payment was held to have been voluntary.

Judgment set aside, and case remanded for trial; appellee to pay costs of appeal.

## On Rehearing.

LAND, J. The four plaintiffs brought separate actions to recover the sum of $250 each paid under protest, in March 1914, as a license tax for selling near beer in the defendant village during the year 1914.

The petition alleged that said defendant was without authority to collect any such license tax—

"for the reason that no ordinance had been enacted by the governing authorities of the said village authorizing the collection of such an occupation license tax for the year 1914; the only ordinance of the said village on the subject-matter being Ordinance No. 102, enacted on December 26, 1912, which by its own terms applied to and covered only the year 1913."

A copy of said ordinance annexed to the petition shows that it provides for a license tax for the sale of malt liquors with less than two per cent. alcohol "during the year 1913."

In our former opinion in this case we said in part:

"There can be no moral obligation to pay a license tax never in fact levied; hence the money thus paid was due in no way, and such being the case, can be recovered back if made in error, unless its reimbursement as well as similar payments made by others will cause disturbance to the finances of the village."

As the allegations of the petition negative any such disturbance this court reversed the judgment below, and remanded the cases for trial.

The argument of counsel for the village is based on the false premise that a license tax was levied for the year 1914.

Defendant's exception admits the allegation that the village authorities levied no license tax for the year 1914 on the business of selling near beer.

It is manifest that a license tax not levied by constituted authorities of a village is no tax at all, and imposes upon the citizen no legal, moral, or civic duty to pay the same.

In these cases the collections of money from the plaintiffs were illegal exactions made by the tax collector in error of law; and the proceeds of the collections were deposited in the village treasury, where, it is alleged, they still remain.

[2] As no license tax was levied, the transaction falls within the codal provision that:

"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it." C. C. 2301.

"He who has paid through mistake, believing himself a debtor may reclaim what he has paid." C. C. 2302.

Of course, if a license tax had been levied for the year 1914, as it was for the year 1913, a different question would be presented.

It is therefore ordered that our former decree herein be reinstated and made the final judgment of the court.

## On Second Rehearing.

PER CURIAM. This application is based on the erroneous premise that this court in its opinions and decree handed down considered and adjudicated the two of the four suits involving the question of the legality of the license taxes levied and collected for the year 1913.

Both opinions clearly show that the only

question considered was that of the legality of the levy and collection of the license taxes for the year 1914, and that the judgment was set aside for the sole reason that the defendant had failed to levy such license taxes for the year 1914.

In the other two suits license taxes had been levied by the defendant for the year 1913, and the plaintiffs relied on the alleged illegality of the ordinance levying such taxes.

Our decree setting aside "the judgment" must be construed as restricted to the two suits considered and decided by the court.

It follows that the suits of Sims & Ingram, No. 9366,. and Norsworthy & Yeldell, No. 9368, v. Village of Mer Rouge, remain on our docket to be disposed of in due course.

It is therefore ordered that defendant's application for a second rehearing or correction of decree be refused.

### Supplementary Opinion.

PROVOSTY, J. The four suits embraced in the transcript in this case having been submitted as if involving but one and the same issue, the court considered one of them as decisive of all four, and rendered judgment in that one. As a matter of fact, two of the cases are fundamentally different from the two others, in that they involve a license never levied at all, whereas the other two involve a license levied, though perhaps irregularly. The decision heretofore handed down has application only to the two cases involving the license of 1914, namely, No. 9365, G. M. Sims v. Village of Mer Rouge, and No. 9367, Norsworthy & Yeldell v. Village of Mer Rouge. As to what should be the decision in the two cases involving the license of 1913, which was levied, the opinion heretofore handed down clearly indicates.

It is therefore ordered, adjudged, and decreed that as to suits No. 9366, Sims & Ingram v. Village of Mer Rouge, and No. 9368, Norsworthy & Yeldell v. Village of Mer Rouge, the judgment appealed from be affirmed, and that as to the suit No. 9367, Norsworthy & Yeldell v. Village of Mer Rouge, the judgment appealed from be set aside, and the case be remanded to be proceeded with according to law; the appellants to pay the costs in the suits Nos. 9366 and 9368, and the appellee in suit No. 9367.