(131 So. 293)

## OUBRE et al. v. CITY OF DONALDSONVILLE.

No. 30624.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Charles T. Wortham, of Donaldsonville, for appellants.

Walter Lemann, of Donaldsonville, for appellee.

LAND, J.

Ordinance No. 58 C. C. S. of the city of Donaldsonville provides for the inspection of markets in that city and levies against each operator of a market a charge or fee of $120 per annum, to be used to assist in the payment of the salary of the inspector.

In Oubre v. City of Donaldsonville, 167 La. 625, 120 So. 30, seven of the plaintiffs in the present suit sought to restrain the city from enforcing this ordinance, mainly on the ground that the fee charged is excessive, and was a mere pretext for the raising of general revenue under the guise of inspection fees. We held, under the facts of that case, that the inspection fee charged was not shown to be excessive, and that the ordinance was legal and valid. This decision became final January 28, 1929.

The present suit was instituted by plaintiffs on August 2, 1929. Complainants are fifteen butchers, eleven of whom reside in the parish of Ascension, three in the city of New Orleans, and one in the parish of Assumption.

Each of the plaintiffs seeks, in the present proceeding, to recover of the city of Donaldsonville inspection fees collected from him by the city for certain years from 1922 to 1929, and alleged to have been more than was necessary and more than was actually used to defray the costs of inspection of the markets during each of these years.

The city of Donaldsonville excepted to the petition on the ground that it does not set forth any cause or right of action. An answer was filed by the city and the exception was referred to the merits. On final trial, judgment was rendered for defendant, dismissing plaintiffs' suit at their cost, and plaintiffs have appealed.

Plaintiffs have copied the ordinance in full in this petition; have alleged that the same went into effect on January 1, 1922, and that the city has compelled each of the plaintiffs to pay to it $120 per annum, during certain years, beginning with the year, 1922, and ending with the year, 1929.

Plaintiffs set out in their petition the total amount collected each year by the city, and the respective amount which each "was forced to pay the city" during certain designated years. Plaintiffs then allege that the specific amount collected from plaintiffs each year was "more than was necessary and more than was actually used" to defray the costs of inspection of the markets during said years.

Plaintiffs aver that, under the provisions of section 5 of the ordinance, the moneys collected from them by the city are dedicated to defray the costs of inspection of the markets operated by plaintiffs and that "said forced payments" could not, under the law, have been collected for any other purpose whatsoever.

Plaintiffs seek to recover the alleged excess, paid each year by each of them, over and above what was necessary for the payment of fees for inspection of the markets.

Plaintiffs' allegation of "forced payment" of inspection fees is purely an erroneous conclusion of law, as plaintiffs do not pretend that payment was made, by any one of them to the city of Donaldsonville, of the inspection charges in this case, under compulsion, to prevent immediate seizure of goods or arrest of person. Dupre v. City of Opelousas, 161 La. 272, 108 So. 479.

Under plaintiffs' allegations and under the proof offered in support of same, it is clear that the inspection charges collected by the city have not been kept in a special fund, and have been expended for public purposes, if not used wholly for the payment of inspection of the markets.

Ordinance No. 58 C. C. S. of the city of Donaldsonville went into effect January 1, 1922. Under section 5 of this ordinance, it is provided that the inspection fee is to be paid,

one-half in advance and the balance before March 1st of each year.

If plaintiffs had any objections to urge to the payment of these inspection fees, they should not have paid same year by year, but should have taken proper and timely steps to restrain the execution of the ordinance and the enforcement of the inspection charges. Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678; Factors' & Traders' Insurance Co. v. City of N. O., 25 La. Ann. 454.

█ The payments made by plaintiffs to the city of Donaldsonville in this case were voluntary, and, under the settled jurisprudence of the state, cannot be recovered.

In City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110, 111, the court said, in part: "In the instant case, there was an existing ordinance providing for the imposition and collection of a license tax. In the belief that this ordinance was applicable to its business, the defendant corporation paid, and the city authorities received, the amount now sought to be recovered under the reconventional demand. This money went into the municipal treasury, and presumably, since the contrary is not alleged or proved, has long since been expended for public purposes in the orderly administration of the business of the city. The general rule is, in the absence of a special statute authorizing such recovery, money thus paid may not be recovered. Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678; Lisso v. Police Jury, supra [127 La. 292, 53 So. 566, 31 L. R. A. (N. S.) 1141]; Simpson v. City [of New Orleans], 133 La. 389, 63 So. 57."

See also Louisiana Land Co. v. Police Jury, 156 La. 849, 101 So. 241; Factors & Traders' Ins. Co. v. City of N. O., 25 La. Ann. 454; New Orleans & N. E. Railway v. La. Construction Co., 109 La. 13, 33 So. 51, 94 Am.

St. Rep. 395; Campbell v. N. O., 12 La. Ann. 34; Turregano v. Barnett, 127 La. 620, 53 So. 884; 30 Cyc. 1298, citing New Orleans & N. E. R. Co. v. La. Construction Co., 109 La. 13, 33 So. 51, 94 Am. St. Rep. 395; Rivers v. New Orleans Water Works Co., 35 La. Ann. 822; and Bingaman v. Cocks, 16 La. Ann. 249.

In the case of City of Baton Rouge v. Sanchez, 161 La. 320, 108 So. 552, the city sued the defendant, Sanchez, a butcher, for a fee of $146.45, imposed under a city ordinance requiring inspection of markets, and making the owner or operator of the market responsible for the fee.

It is expressly stated in the opinion in that case that:

"He [defendant] refused to pay said amount when and as demanded of him, and this suit to recover the same was instituted. * * *

"The defense is an attack on the constitutionality and legality of the ordinance under which the fees are sought to be imposed," etc., 161 La. 322, 108 So. 552.

The Sanchez Case is not applicable. The defendant in that case did not pay the fee, and afterwards attack the ordinance and seek to recover the amount paid, as plaintiffs are attempting to do in the case at bar.

Nor has the case of Sims v. Mer Rouge, 141 La. 91, 74 So. 706, any application to the instant case, in which there is an existing ordinance providing for the imposition and collection of the inspection fees. As said in City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110, 111, in which there was also an existing ordinance providing for the imposition and collection of a license tax: "The decision in Sims v. Mer Rouge, is likewise inapplicable here, since

plaintiff in that case was allowed to recover because, first, there was no ordinance at all justifying the collection of the license tax; and, secondly, the money paid was still in the hands of the village authorities and could easily be returned without causing any disarrangement of the village finances."

Judgment affirmed.

O'NIELL, C. J., and OVERTON, J., dissent from refusal to grant rehearing.