**COOK v. CITY OF SHREVEPORT.**

No. 4351.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

Cook & Cook, of Shreveport, for appellant.

Aubrey M. Pyburn, of Shreveport, for appellee.

McGREGOR, J.

This is a case in which the plaintiff demands from the defendant, the city of Shreveport, the return of $241.13 alleged to have been paid by him in error.

Plaintiff was the owner of a vendor's lien and mortgage on certain property in the city of Shreveport described as follows: "Lot Four (4) of Block Twenty-two (22) of the J. N. Howell subdivision of the City of Shreveport, Caddo Parish, Louisiana, together with buildings and improvements thereon."

This lien and mortgage, which was in the sum of $1,500, was represented by one promissory note and was duly acknowledged in an act of sale and special mortgage which was recorded in the mortgage records of Caddo parish on June 3, 1929.

Some time during the year 1929, the city of Shreveport caused the street in front of the above described property to be paved, and to pay for this paving certificates were issued according to law. These certificates were issued and dated on December 24, 1929, and at the same time there was passed an ordinance by the commission council accepting the pavement. Under the law this ordinance and these paving certificates should have been filed for record in the mortgage records of Caddo parish within ten days in order to create a lien on the property. But they were not so filed and recorded until January 9, 1930, after the expiration of the required ten days.

Subsequently, the city of Shreveport brought suit to enforce the payment of the paving certificates in the sum of $212.13, plus interest, attorney's fee; and costs. A judgment was obtained recognizing a lien on the property in favor of the city. A writ of fieri facias was issued under this judgment and the property was advertised for sale. On June 14, 1930, the day of the sale, plaintiff was the highest bidder and became the purchaser of the property for the sum of $1,200. $241.13 of this amount was paid to the sheriff for the principal and interest of the certificates and for attorney's fee and court costs. The balance of $958.87 was retained by the plaintiff and credited on his vendor's lien and special mortgage which he held against the property.

At the time of the sale the plaintiff was unaware of the fact that the ordinance accepting the pavement had not been timely filed. This was discovered by him after the city had received and appropriated the amount collected and paid to it by the sheriff. Upon making the discovery plaintiff filed this suit demanding that the city of Shreveport refund to him the amount so paid.

The plaintiff's petition was not answered, but an exception of no right or cause of action was filed. This exception was sustained and the suit was dismissed, and plaintiff has appealed.

### Opinion.

The plaintiff's demand is based upon the theory that the ordinance accepting the pavement was not timely filed; that at the time the money sought to be refunded was paid, neither plaintiff nor the sheriff knew that the city had no valid lien on the property because of the failure to file and record the ordinance within the time required by law; that therefore the plaintiff's vendor's lien and special mortgage primed any right that the city might have to receive the money paid to it; that the payment was made in error of fact; and that therefore the city should refund the amount so received by it.

It is conceded by both sides that, if it had been discovered in advance that the city's ordinance had not been timely filed for record, the plaintiff could have successfully resisted the collection of any sum to the detriment of his lien and mortgage. The question to be determined is as to whether the plaintiff, having failed to check the records and having paid the amount of the certificates voluntarily because of his ignorance of the fact that the city had no valid lien on the property, has now a right against the city to demand the return of his money on the ground that he paid an invalid lien through error of fact.

In their brief counsel for plaintiff and appellant say: "We concede that a tax voluntarily paid cannot be recovered, but we deny that the payment here made was a tax and we deny that it was voluntary."

■■ We see no force whatever in the contention that the payment was not voluntary. No compulsion is alleged in the petition. Every one is bound by the public record. He is supposed to be aware of everything contained therein. In this case the plaintiff was present at the public sale of the property in question. He evidently heard the mortgage certificate read and it contained the disputed paving lien. In fact, the sale was predicated on that lien and nothing else. Plaintiff must have known this. He is presumed to have known that the city's asserted lien on which the suit and sale were based was not timely filed and was therefore invalid. And in spite of that presumed knowl-

edge he never raised his voice in protest at any time. On the contrary he appeared at the sale at the appointed time and place and voluntarily became the highest bidder on and purchaser of the property. He promptly paid that portion of his bid which was claimed by the city and retained the balance as a credit on his lien. His actions in the matter contain every element necessary to classify them as voluntary and not involuntary.

But it is contended that, even though the payment should be held voluntary, it was not the payment of a tax and could, therefore, be recovered if paid in error. In the case of Oubre et al. v. City of Donaldsonville, 171 La. 443, 131 So. 293, 294, fifteen butchers sought to recover certain fees which the city had collected from them through a period of years. The claim to their right to demand a return of these sums was based upon the fact that, whereas under the law these fees should be devoted exclusively to paying the expenses of inspecting their places of business, as a matter of fact a large part of the money so collected under the guise of inspection fees was used for other purposes. In the course of the opinion the court said: "If plaintiffs had any objections to urge to the payment of these inspection fees, they should not have paid same year by year, but should have taken proper and timely steps to restrain the execution of the ordinance and the enforcement of the inspection charges."

■ And so, in the present case we say that, if there was objection to the payment of the lien asserted by the city, its invalidity should have been urged in a proper proceeding before or in connection with the sale, and the sum should not have been paid voluntarily and without protest, as was done.

In disposing of the Oubre Case, the court held as follows: "The payments made by plaintiffs to the city of Donaldsonville in this case were *voluntary*, and, under the *settled jurisprudence of the state, cannot be recovered*." (Italics ours.)

Certainly, if inspection fees such as were involved in the Oubre Case were not subject to be returned under the circumstances outlined in the opinion referred to above, money paid for paving under the circumstances of the case under consideration should not be subject to return after it has been paid.

In their brief counsel for plaintiff and appellant cite the case of State ex rel. Newgass v. City of New Orleans, 38 La. Ann. 119, 58 Am. Rep. 168, as follows: "No principle of law is better recognized than that he who receives what is not due him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it, and that he who has thus paid through mistake, believing himself a debtor, may reclaim what he has paid."

In that case, notwithstanding the above citation, the demand of the plaintiff to recover was rejected for the reason that that principle of law could not be used to support or enforce his demand.

But, how can it be said that the city of Shreveport has received what was not due it? It incurred the expense of paving the property in question and plaintiff had received the full benefit of that expenditure in the enhanced value of his property. A perfectly valid ordinance was passed fixing the amount due by the property, and only the failure to record the ordinance within the proper time prevented the lien from becoming valid.

█ Even though failure to properly record the ordinance prevented the city from obtaining the lien provided by law, there was still a natural obligation on the part of the owner to recognize the lien and to pay the indebtedness out of the proceeds of the sale of the land. There are four kinds of natural obligations described in article 1758 of the Revised Civil Code, the first of which is: "Such obligations as the law has rendered invalid for the want of certain forms or for some reason of general policy, but which are not of themselves immoral or unjust."

Article 1759 of the Revised Civil Code specially provides that: "No suit will lie to recover what has been paid, or given in compliance with a natural obligation." In paying the amount of the city's paving certificates, the plaintiff paid out of the proceeds of the sale of the property in question that which was due under a natural obligation, and under the plain provision of the law as above cited no suit will lie to recover it.

In the case of Worsley v. Second Municipality of New Orleans, 9 Rob. 324, 41 Am. Dec. 333, it was held that where expensive improvements, highly beneficial to commerce, have been made on the banks of a river by a city under its charter powers, one who has voluntarily paid an assessment levied on merchandise imported into or exported from the place to defray the expense of such improvements, cannot recover amount so paid even though the city may have had no legal right to levy such assessment.

Counsel cite and rely upon the case of Sims et al. v. Village of Mer Rouge, 141 La. 91, 74 So. 706. In that case the license fee sought to be recovered was never levied at all, nor was there any semblance of an ordinance supporting or authorizing it. And in addition, the petition specially alleged that the money collected was *still in the treasury* and that it could be returned *without causing any disarrangement of the village finances.* There is no such allegation of facts in the case at bar. On the contrary, the paving assessment was properly levied by ordinance and

the money collected from the plaintiff had been disbursed when the suit was filed. The case has no application whatever to the issues in the case at bar.

A careful consideration of the case at bar convinces us that the plaintiff paid the amount due for paving out of the proceeds of the sale of the property, the value of which was enhanced by the pavement; that this payment was voluntary; that it was a natural obligation to pay the said amount out of the proceeds of the sale of the property; and that, therefore, the plaintiff had no right under the law to recover the amount so paid.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is, hereby affirmed with all costs.

PALMER, J., recused.