NORWAY PLAINS SAVINGS BANK v. YOUNG, *Assignee.*

An attaching creditor whose attachment would be dissolved by a decree of insolvency against his debtor, may appeal from such a decree.

APPEAL, from a decree of the judge of probate adjudging Warren F. Putnam, "said to have been a resident" in this county, an insolvent debtor, under P. S., c. 201, s. 42. The plaintiffs allege that they are creditors of Putnam, and have attached certain real and personal property belonging to him, and have summoned one Folsom (who, it is alleged, holds a fraudulent mortgage of the "attached premises") as trustee, upon a writ made within three months before the decree, and still pending. The following are the reasons alleged for the appeal: 1. That Putnam was not a resident or inhabitant of this county at the time of the filing of the petition. 2. That the petition "was not duly executed under the provisions of law." 3. "That at the time of said adjudication there were no claims filed or proved in amount of $300, and no evidence offered" that Putnam was owing that amount "as shown by the record." 4. That said Folsom, with his agents, associates, and others, by fraud and collusion, caused the petition against Putnam to be filed for the purpose of defeating the rights acquired by the plaintiffs by their attachment. 5. That the petitioner did not prove any claim before the adjudication, and, at the special instance and request of those interested in defeating the plaintiffs' rights under their attachment, and to make their fraud more complete and to realize therefrom, procured the services of one Knight, attorney for one Conner, to appear and prosecute the petition for the appointment of a messenger; that neither the said Knight nor the party he claimed to represent complied with the

provisions of law in joining in said petition.    6. That the insolvency of the debtor was not proved, nor any act of insolvency shown at or prior to the time of the decree.

The defendant appeared specially, and moved to dismiss the appeal and to strike out the reasons assigned therefor, because it does not appear that the plaintiffs' interest is such as to entitle them to appeal, and the reasons of appeal are insufficient in law.

The defendant moved for the appointment of a receiver of Putnam's property during the pendency of the appeal.

*Worcester, Gafney & Snow,* for the plaintiffs.

*Eastman, Young & O'Neill* and *Arthur O. Fuller,* for the defendant.

BLODGETT, J.    "Any person aggrieved by a decree, order, appointment, grant, or denial of a judge of probate, which may conclude his interest and which is not strictly interlocutory, may appeal therefrom to the supreme court at the next trial term to to be holden for the county."    P. S., c. 200, s. 1.    The decree of insolvency against the debtor dissolved the plaintiffs' attachments upon his property, which were made within three months before the beginning of the insolvency proceedings (P. S., c. 201, s. 26), and concluded their rights acquired by the attachments. This gave them an appealable interest in the decree.

The claim of the defendant, that all the reasons of appeal are insufficient in law, is not well founded.    While the insufficiency of most of them is apparent, the sufficiency of some of them is so manifest that no argument to the contrary can be other than futile.

No reason appears for the appointment of a receiver during the pendency of the appeal.

*Motion to dismiss denied.*

All concurred.