TEXAS OIL CO.

 VS

CITY OF NEW ORLEANS No. 7689

February 9th., 1920.

CHARLES F. CLAIBORNE, JUDGE.

This is a suit for the reimbursement of a tax paid by error.

This suit was filed on May 26th., 1917. The plaintiff alleges that by an act dated April 28th., 1916 it purchased of Philip G. Veith, two certain lots of ground, and assumed the payment of taxes thereon for the year 1916; that the assessment of said two lots had already been completed in the name of its vendor the said Philip G. Veith; that when the City taxes for 1916 become due, in August 1916, petitioner's agent paid said taxes, not only upon the two lots purchased by it from Veith, and assessed at $2,000, but also by error upon 17 other properties assessed at $55,200.00 in the name of Veith and described on the tax-bill in his name; that the tax on the $55,200.00 amounted to the sum of $1,221.00; that the said payment was made in error; that petitioner was not bound either civilly or naturally to pay said amount of taxes and therefore the City of New Orleans is legally bound to reimburse the amount to it, and it prays for judgment accordingly.

The defendant admitted the payment of $1,221.00 alleged in plaintiff's petition, but avvered that the error in the payment was due entirely to the negligence of the plaintiff; that the error was patent and could have been discovered by slight attention; that the defendant refused to reimburse the amount for the following reasons:-

1st. That subsequent to the payment of said taxes and prior to the filing of this suit defendant issued to Philip G. Veith a duplicate tax receipt by which the defendant may be bound as regards third persons.

2nd. That plaintiff's error was due entirely to his

244

own negligence, and that with little care it could have avoided the error.

3rd. That the payment of said taxes was entirely voluntary on the part of the plaintiff, and was not the result of demand or compulsion on the part of the defendant.

4th. That the amount of taxes paid by plaintiff had gone into the City Treasury and had been disbursed for public purposes before demand for reimbursement was made.

There was judgment for the defendant, and the plaintiff has appealed. All the facts are admitted.

The plaintiff pitches its case upon the following articles of the Civil Code.

Art. 2133 (2199 ). Every payment presupposes a debt; what has been paid wi. out having been due, is subject to be reclaimed. That cannot be reclaimed that has been voluntarily given in discharge of a natural obligation. C. N. 1235.

Art. 2301 (2279) "He who has paid through mistake, believing himself a debtor may reclaim what he has paid." C. N. 1377.

Art. 2303 (2281) "To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery."

C. P. 18 " He who pays through error what he does not owe, has an action for the repetition of what he has thus paid, unless there was a natural obligation to make such payment; but he must prove that he paid through error, otherwise it shall be presumed that he intended to give."

But it has be specifically held by the Supreme Court of this State that these articles have no application to taxes. In the case of Lisso vs. Police Jury 127 La. 283 the court said on page 285:-

"The learned counsel for plaintiffs predicate their asserted right of recovery upon the articles of the Civil Code 2301 2302 and 2303 regulating the rights of parties with respect to payments made and received in error; and in so doing they lose sight of the fact that laws regulating the collection of taxes

245

are sui generis, and constitute a system to which the general provisions of the Civil Code have ordinarily little or no application". Quoting 37A. 735 -39 A. 121.

This decision was affirmed in Simpson vs. City, 133 La. 384 (389).

In Factors and Traders Ins. Co. vs. City 25A. 454 (457) Justice Howell questioned whether Art. 2303 of the Civil Code was,"applicable to the subject of taxation."

But even under the Code the plaintiff would not be entitled to relief. Article 2310 (2288) provides:-"He who through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor. This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor."

The City of New Orleans makes an annual budget of the amounts of money required to pay its bonded debt, its contracts, and other municipal expenditures set forth in said budget. In order to pay those appropriations, it levies annual licenses and taxes. There is no item of appropriation for the purpose of paying an amount such as plaintiff claims. To provide for it, it would be necessary for the city either to levy an additional tax, which it has no right to do, or to divert other funds from other municipal purposes or creditors, to the detriment of the latter, which plaintiff cannot demand - 38 A. 119 (123).

He cannot, for his individual benefit throw the finances of the parish into inextricable confusion". 107La. 221 (231). - 112 La. 525 (531).

In the same case of Lisso vs. Police Jury 127 La. the court said on page 292:-

" It may be remarked in conclusion, that the assessments here involved were mainly for the years 1900 - 1901 - 1902. They constituted the basis upon which the Police Jury of the Parish of Natchitoches prepared its budget and regulated its expenses for each succeeding year; the money collected has long since been spent; and the claim of the plaintiffs, through whose voluntary acts the present condition of affairs has been brought about, that it should now be refunded to them, thereby perhaps, involving the

necessity of imposing a special tax for their benefit, appears
to us to be entirely without merit, either in law or equity."

And continuing on page 293 the court said:-

// It may be that the particular amount claimed by the
plaintiffs now before the court can be paid by the Parish
of Natchitoches without embarrassment; but the granting of
their demands involves an acquiescence in the proposition
that every one who chooses to speculate in tax titles and
to assume the quality of owner with respect to property
which he does not own, which he may readily inform himself
that he does not own, but which he may hope thereby to make
his own, may do so at the risk of the State or Parish and
not at his own risk. A proposition which,in view of the laws
regulating tax sales and the collection and expenditure, for
government purposes, of money paid for taxes, we are unable to
entertain."

In Simpson vs. City 133 La. 384 the syllabus reads:-
"An amount of money, which has been voluntarily and without
threat or coercion paid to a municipal corporation as for a
license tax legally due, and which has gone into the public
fisc and oeen disbursed for public purposes cannot be recover-
ed upon the ground that it was paid in ignorance and error
of the law even though the tax was illegally imposed, and
the law under which it was imposed was unconstitutional. //

In thus denying plaintiff a right of action against
the defendant no injustice seems to be done to it as the law
seems to reserve to it recourse against Veith the debtor of
the tax.

In the present case the City has issued its receipt
for those taxes to the plaintiff herein, and a duplicate
receipt to Veith, and the fact of the payment has been en-
tered upon all the books of the city. If Veith has used his
receipt in conferring rights upon his properties to third
persons, the City,in case it refunded the money received by
it, would be estopped from denying the payment of those taxes,
at least as far as such third persons would be concerned.

In the following cases it was held that the party who
has made the payment in error cannot recover the amount paid,
when the creditor, on the faith of the payment, has relinquish-

247

ed and lost any of his rights. C. C. 2310 . 3 A. 409 (414)

52 A. 965 (967). 110 La. 481 -482. 117 La. 336 - 33 Dalloz

Rep. Leg. p. 1211 5551___ *3 Dalloz Codes An 679 § 247—*

It is therefore ordered that the judgment be affirmed.

February 9th., 1920.