## W. L. CAMPBELL *v.* THE CITY OF NEW ORLEANS.

Where a tax, levied under a municipal ordinance passed without the legal formalities, has been voluntarily paid, it cannot be recovered back on the ground of error.

There being no law exempting the plaintiff's property from taxation, for the purposes contemplated by the ordinance, he was under a natural obligation to contribute his quota to the support of the municipal government from which he derived protection. No suit will lie to recover what has been paid or given in compliance with a natural obligation

BUCHANAN, J., dissenting. There is no natural obligation to pay a tax illegally imposed.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *A. Robert*, for plaintiff and appellant. *J. J. Michel*, for defendant.

SPOFFORD, J. It appears that the plaintiff in 1851 paid to the Tax Collector of the late Municipality No. 3 of New Orleans, without protest or objection, the sum of $403, as his city tax for the year 1850, upon certain property designated on the tax receipt. It does not appear that the Tax Collector had any compulsory warrant or execution in his hands against the plaintiff.

In 1855 plaintiff brought this suit against the city of New Orleans, which had succeeded to the rights and obligations of the Third Municipality, to recover the sum thus paid, upon the allegation that it was paid through error.

The only proof of error adduced by the plaintiff is the fact that one *Philippi* refused to pay a similar tax assessed against him by the Third Municipality for the same year, and when sued therefor, succeeded in defeating its collection, on the ground of certain informalities in the mode of passing the ordinance by which it was levied. See the case of *City of New Orleans* v. *Oscar Philippi*, 9 An. 44, decided in January, 1854.

It does not appear that any other person assessed under the ordinance has refused or failed to pay the tax.

It is not denied that the money paid by the plaintiff was necessary for the purpose of defraying the expenses of the Municipality for the year 1850; that it was faithfully appropriated to that purpose, or that the plaintiff has received his proportionate share of the benefit derived therefrom in protection to his person and property.

As there was no law exempting the plaintiff's property from taxation for the purposes contemplated by the ordinance in question, and under the general law it was thus liable to taxation, he was under a natural obligation to contribute his quota to the support of the municipal government from which he derived protection. Although it may be true that a perfect obligation to pay did not arise for want of regularity in the ordinance imposing the tax, still, as the plaintiff voluntarily paid, without protest, a sum naturally due, he cannot now reclaim it on the plea of error.

"Such obligations as the law has rendered invalid for the want of certain forms, or for some reason of general policy, but which are not in themselves immoral or unjust," form one class of natural obligations.   C. C. 1751, No. 1.

The municipal authorities were virtually the plaintiff's agents for the purpose of laying such an assessment upon his taxable property as would defray his share of the necessary expenses of police, &c.   They laid the assessment upon property legally liable to taxation, but in doing so neglected to pursue certain prescribed forms—a neglect which would have rendered the plaintiff's obligation to pay invalid *in foro legis*, if he had raised the objection in time and in the proper manner.

But his obligation to pay subsisted in conscience, and according to natural justice, because it was neither immoral nor unjust, although informally contracted.   And "no suit will lie to recover what has been paid, or given in compliance with a natural obligation.   C. C. 1752, No. 1; see also Acts, 2280, 2281; C. P. 18.

The case would present quite a different aspect if the tax had been paid upon property not subject to taxation at all.   The doctrine settled in the cases of the *Catholic Society* v. *City of New Orleans*, 10 An. 73, and *Sumner* v. *Dorchester*, 4. Pick. 363, would then be applicable.

Judgment affirmed.

BUCHANAN, J., dissenting.   For the reasons given in the decision of the court in the case of the *City* v. *Philippi*, 9 An. 44, I am of the opinion that the judgment of the District Court herein should be reversed.   I cannot recognize a natural obligation to pay a tax illegally imposed.