Statement of the Case.
MONROE, .1.
Plaintiff, as agent of Melehoir Wadenphul, appeals from a judgment rejecting his demand for $450, which, he alleges, defendant, in violation of law and of the provisions of its charter, exacted and received from said Wadenphul in excess of the amount to which it was entitled for licenses .for the years 1909, 1910, and 1911, for a barroom for the sale of malt and vinous liquors exclusively in quantities less than five gallons, and where the gross sales amounted to less than $5,000. An exception of no cause of action having been overruled, the city answered, admitting that Wadenphul conducted a barroom during the years mentioned, and obtained licenses therefor, paying $250 for each year. It alleges that he made the payments voluntarily and without duress or compulsion; that he obtained them from the city treasurer agreeably to the provisions of license ordinances regularly adopted, and which defendant was authorized to adopt by article 229 of the Constitution and section 16 of Act 171 of 1898; that said ordinances constituted the basis upon which defendant prepared its budgets and regulated its expenditures during the years mentioned; and that the money collected thereunder has long since been expended; that, if Act 176 of 1908 be construed to restrict the license-taxing power of defendant as to the sale of distilled, alcoholic, or malt liquors to an amount not greater than that imposed by the state, said act is in contravention of the Constitution and particularly of article 229 of that instrument.
The facts stated in the answer are undisputed ; that is to say, the license ordinances were duly enacted each year, constituted in part the basis of defendant’s fiscal operations, and the proceeds of the license taxes have been expended; the amount levied on the business conducted by plaintiff each year was $250, which he paid without compulsion or protest because he understood that he owed it, and assumed that, if he did not pay it, his place of business would be closed. It appears from the ordinances in question that, if any business for which a license is required is conducted without a license, .the officer whose duty it is to issue licenses proceeds through the city attorney to rule the delinquent to show cause why he should not pay the license or close his business, in which proceeding the delinquent may set up any defense that he thinks will avail him. And it otherwise appears that no one was ever threatened or caused to be arrested for failure to pay a license.
Opinion.
[1] Counsel for plaintiff say that their, client paid the amount here claimed in “ignorance and error” (meaning ignorance and error of the law) for this, to wit:
That the Constitution of 1879 (article 206) declared that:
“No political corporation shall impose a greater license tax than is imposed by the General Assembly for state purposes.”
That the charter of the defendant, granted under the dominion of said Constitution • (being Act 45 of 1896), authorized defendant to “impose an annual license on trades, professions, and callings,” which grant was controlled by the constitutional limitation above quoted. That the provision of the present Constitution, adopted in 1898, in article 229, reading:
“No political corporation shall impose a greater license tax than is imposed by the General Assembly. * * * This restriction shall not apply to dealers in distilled, alcoholic, or malt liquors”
*387 —required legislative action to give it effect, in so far as it released political corporations from the restriction imposed by article 206 of the Constitution of 1879. That such action was taken in the adoption of Act 171 of 1898, section 16 of which provides:
“That any municipal or parochial corporation * * * shall have the right to impose a license tax on any business, occupation or profession herein provided for; provided that all such license tax shall conform to the provisions of article 229 of the Constitution.”
But, say the learned counsel, the General Assembly in 1908 enacted another statute, No. 176, purporting to cover the whole subject of barroom licenses, section 2 of which provides:
“That it is hereby made the duty of the police jurors, * * * city councils, and boards of aldermen of the various cities, towns, and villages * * * to levy and collect a license of not less than $500 on the business of operating a barroom * * * or- other place where spirituous, vinous, or malt liquors are sold directly or indirectly; provided that for the business of selling malt and vinous liquors exclusively the said authorities shall not levy and collect a license of more than one-half of that provided for the sale of alcoholic beverages as set forth in section 1, of this act ”
—which section grades the licenses on barrooms according to gross annual receipts, and provides that:
“Seventh class: When said gross annual receipts are less than $5,000, the license shall be $200.”
From which it is deduced that, the gross annual receipts of the plaintiff being less than $5,000, his city license should be one-half of $200, or $100. The contention of the defendant on the point thus stated is that, being authorized under article 229 of the Constitution of 1898 and the enabling Act 171 of 1898 to exact licenses for the sale of liquors exceeding in amount those exacted by the state, the act of 1908, in so far as it might be construed as withdrawing that authority, contravenes said article 229, and is void. Before reaching that contention, however, counsel for defendant insist that plaintiff, having paid the amount here claimed without threat or coercion as a tax legally due, and the amount paid having gone into the public fisc, whence it has been disbursed for public purposes, cannot recover it, even though it be true, as he alleges, that he paid it in ignorance and error of the law and of his legal obligation, and we are of opinion that the position is well taken.
Counsel quote from Cooley on Taxation (3d Ed.) vol. 2, pp. 1497, 1499, to the following effect:
“That a tax or assessment voluntarily paid cannot be recovered back the authors generally agree. And it is immaterial in such case that the tax or assessment has been illegally paid or even that the law under which it was laid was unconstitutional. The principle is an ancient one in common law, and is of general application. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back. * * * Mistake of fact can scarcely exist in such a case except in connection with negligence, as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show or do not show as the public authorities.”
Many adjudged cases are cited in support of the propositions thus stated, and to them may be added: 25 Oyc. 83; 30 Oyc. 1299, 1315; 37 Cyc. 1178, 1179, 1180; Dillon on Municipal Corporations (5th Ed.) §§ 1617, 1621, 1623 (940, 944, 945, 946); Campbell v. City of New Orleans, 12 La. Ann. 34; Bank v. City, 12 La. Ann. 424; Factors & Traders Ins. Co. v. City, 25 La. Ann. 454; Fuselier v. St. Landry, 107 La. 221, 31 South. 678; Mayor & Board v. Moss Hotel Co., 112 La. 531, 36 South. 552; Lisso & Bro. v. Police Jury, 127 La. 288, 289, 53 South. 566, 31 L. R. A. (N. S.) 1141; N. O. & N. E. R. R. Co. v. La. Constr. & Imp. Co., 109 La. 13, 33 South. 51, 94 Am. St. Rep. 395; Mays v. Cincinnati, 1 Ohio St. 268; U. S. v. Edmonston, 181 U. S. 500, 21 Sup. Ct. 718, 45 L. Ed. 971; Union,, Pac. R. Co. v. Dodge Co., 98 U. S. 544, 25 L. Ed. 196.
*389 [2] In the case of Lisso & Bro. v. Police Jury (supra), referring to the provisions of the Civil Code (articles 2301, 2302, 2303), regulating the rights of parties with respect to payments made and received in error, it was said that:
“Laws regulating the collection of taxes are sui generis, and constitute a system to which the general provisions of the Civil Code have ordinarily but little application.”
And, referring to the taxes which the plaintiffs had paid and were there seeking to recover, and to the right of recovery, it was said:
“They constituted the basis upon which the police jury of the parish of Natchitoches prepared its budget and regulated its expenses for each succeeding year; the money collected has long since been spent; and the claim of the plaintiffs, through whose voluntary acts -the present condition of affairs has been brought about, that it should now be refunded to 'them, thereby, perhaps, involving the necessity of imposing a special tax for their benefit; appears to us to be entirely without merit, either in law or equity.”
In reaching the conclusion stated, the court fully considered the views which are here entertained by plaintiff’s counsel as to other cases which have been cited and some which have not been cited, and finds it unnecessary to reconsider them. We find the judgment appealed from to be correct, and it is affirmed.