(101 South. 241)

No. 24607.

LOUISIANA LAND & IMPROVEMENT CO.,
Limited, v. POLICE JURY OF GRANT
PARISH.

(July 8, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Taxation** ☞545—Provisions of Code have little, if any, application to rules regulating collection of taxes.

Rules regulating collection of taxes are sui generis and constitute a system which general provisions of Civil Code have little, if any, application to.

2. **Counties** ☞194—Parishes; state's refund of taxes erroneously paid does not obligate parish to refund its portion of same.

Legislature, by special act authorizing return by state of taxes erroneously paid on lands not subject to taxation, does not obligate particular parish to refund parish and road taxes paid on such lands.

3. **Taxation** ☞541—Taxes erroneously paid on land not taxable held not paid under compulsion.

Taxes erroneously paid and sought to be recovered cannot be said to have been paid under compulsion or coercion, merely because, in single instance, property was advertised for sale before payment was made.

4. **Taxation** ☞415—Assessment in name of apparent owner of record valid.

Assessing authorities are without power to determine superior title as between conflicting claims, and assessment in name of apparent owner of record is valid.

5. **Counties** ☞194 — **Highways** ☞128 — Parishes; recovery of taxes erroneously paid held unwarranted.

Land company, which for 19 years paid parish and road taxes on land owned in part by state and federal governments and not subject to taxation, though advised repeatedly by taxing authorities that others asserted rights therein, *held* not entitled to recover of the parish the taxes so paid.

Brunot, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Grant; L. L. Hooe, Judge.

Suit by the Louisiana Land & Improvement Company, Limited, against the Police Jury of Grant Parish, Louisiana. Judgment for defendant, and plaintiff appeals. Affirmed.

White, Holloman & White, of Alexandria, for appellant.

Cleveland Dear, of Alexandria, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ST. PAUL, J., of Division C took part in this cause.

ROGERS, J. Plaintiff brought this suit to recover the amount of parish and road taxes alleged to have been erroneously paid on certain lands on which no taxes were due, because the title thereof was partly in the United States government and partly in the state government, and because a portion of the lands had been doubly assessed.

Defendant, for answer, averred that the

property was regularly assessed with other property owned by plaintiff; that the taxes were voluntarily paid and were collected in due course and expended for public purposes and in the exercise of governmental functions; that said taxes were paid by plaintiff with the object of fortifying the tax titles under which it held the property; and that it was too late to demand the restitution of the taxes thus voluntarily paid. Subsequently, defendant filed a plea of prescription of one, three, five, and ten years, which was referred to the merits. On the day of the trial, when plaintiff had closed in chief, defendant filed an exception of no right or cause of action.

The court below rendered judgment on the merits in favor of defendant, and plaintiff appealed.

Since, in our opinion, the judgment is correct, it is unnecessary for us to pass upon the plea of, prescription and the exception of no right or cause of action.

The plaintiff company, about the year 1895, acquired from one Gottlieb a large acreage of land in the parish of Grant. The title of plaintiff's vendor came through Burton and Ringgold, who had purchased at tax sales in 1889.

Subsequent to its purchase, plaintiff disposed of all the lands, with the exception of 4,207.89 acres, which it was unable to sell for the reason that the tax titles under which it held it were null and void, because they were predicated upon taxes assessed against land belonging, in part, to the United States and, in part, to the state of Louisiana; and, in part, to lands which had been doubly assessed. Plaintiff, finally, relinquished all claim to the lands on which the tax refund is claimed.

At the instance of plaintiff, the state Legislature passed Act 101 of 1918 to refund plaintiff the amount of the state taxes paid by it under the alleged wrongful assessments.

Plaintiff bases its right of recovery upon the legal principle that there is an obligation resting upon all persons, natural or artificial, to restore a thing unduly paid; and upon the further ground that since the state has refunded the taxes, its action is binding on the defendant as a state agency.

[1] In support of the first of these contentions, plaintiff cites Civil Code, articles 2301, 2302, and several adjudicated cases based thereon. In doing so, it ignores the rule that laws regulating the collection of taxes are sui generis, and constitute a system to which the general provisions of the Civil Code have little, if any, application. Lisso & Bro. v. Police Jury, 127 La. 283, 53 South. 566, 31 L. R. A. (N. S.) 1141; Simpson v. New Orleans, 133 La. 384, 63 South. 57.

[2] In respect to the second of said contentions, it is unnecessary to determine the power of the Legislature, if any it has, to compel the defendant, as a state agency, to pay plaintiff's claim. It is a sufficient answer to say that the Legislature has made no attempt to do so. The statute referred to by plaintiff affects the state treasury only, and nowhere refers to a refund of taxes by defendant.

The present suit is for the return of the taxes paid for the years 1896 to 1914, both inclusive. The evidence shows that plaintiff voluntarily listed the lands on which these taxes were paid. Mr. E. S. Murrell, who was assessor of the parish of Grant from 1908 to 1916, testified that in 1909 he called on the president of the plaintiff company at its domicile in the city of Baton Rouge, and advised him that the lands in question were claimed by other parties. Mr. G. H. McKnight, who was connected with the assessor's office of the parish for 12 years, beginning with the year 1889, testified that on one occasion he notified the president of the plaintiff company that many of the lands claimed by said company were also claimed by others,

and that he was satisfied that plaintiff's title was not good to some of the lands, and offered to make an abstract to disclose the exact situation, which offer was refused. Mr. J. J. O'Quinn, who served the parish as clerk of court from June 5, 1900, to June 5, 1920, testified that in 1902, and again in 1908, he offered to abstract the lands, which offers were declined by plaintiff. The witness was finally employed in 1916 to make an abstract of the property. Upon the completion of this work, plaintiff ceased to pay taxes.

Notwithstanding these warnings, plaintiff continued to return its lands regularly for assessment purposes, and it paid, without protest, taxes on the property for many years. The effect, and presumably the intent, of plaintiff's action was to fortify its tax titles for the purposes of the three years' prescription provided by the Constitution. Lisso & Bro. v. Police Jury, 127 La. at page 291, 53 South. 566, 31 L. R. A. (N. S.) 1141.

[3] The argument that the taxes were paid under compulsion, and not voluntarily, because on one occasion it was advertised for sale, is without merit. The evidence shows that plaintiff was frequently slow in paying taxes, actually permitting the property, on the occasion mentioned, to be advertised before making its payment. Upon receiving notice of delinquency, plaintiff company, through its president, under date of March 28, 1911, addressed a letter to Mr. Murrell, the parish assessor, the opening words of which are as follows, viz.:

"In reply to yours of the 24th we will say that we would like to have you assess us with same lands as advertised for sale, as we intend to pay these taxes before it goes to sale."

The writer of the letter then proceeds to complain of the taxes as being too high, and concludes with the request that the assessment be reduced.

If plaintiff did not own the property it had no interest in paying the taxes, and, conse-quently, there could not have been any coercion exerted against it by the mere threat to sell the property for such taxes. On the other hand, if it did own the property, the obligation rested upon it of paying the taxes, and upon its failure to do so, the parochial authorities were not only empowered, but they were required, by law to sell the property for the delinquent taxes; hence, again, there could not have been any coercion exerted against plaintiff.

In these circumstances, plaintiff's claim of coercion is without foundation either in law or in fact. See New Orleans & N. E. R. R. Co. v. La. Const. & Imp. Co., 109 La. 13, 33 South. 51, 94 Am. St. Rep. 395.

[4] The funds derived from the voluntary payment of these taxes have long since been expended for public purposes in the orderly administration of the business of the parish. The present situation of affairs is due entirely to the action of plaintiff, which at no time took any steps to correct its assessment, or to assist the parochial authorities in placing the property actually owned by it upon the assessment rolls. The assessing authorities were without power to determine, as between apparently conflicting titles, which was the superior title, and it is well settled that an assessment in the name of the apparent owner of record is valid. Lisso & Bro. v. Police Jury, 127 La. at page 289, 53 South. 566, 31 L. R. A. (N. S.) 1141, and authorities there cited.

[5] If at this late date, the parish of Grant was compelled to return to plaintiff all the taxes which are alleged to have been erroneously paid, its financial plans would be sadly disarranged, involving, perhaps, if constitutional, the levying of a special tax; its ordinary business would be seriously hampered and it would be unable to properly function for some time in the future.

In these circumstances, we find plaintiff's demand to be entirely without merit, either

in law or equity. Lisso & Bro. v. Police Jury, cited supra; Simpson v. New Orleans, 133 La. 384, 63 South. 57.

Judgment affirmed.

BRUNOT, J., dissents.