(110 So. 110)

No. 26037.

## CITY OF NEW ORLEANS v. JACKSON BREWING CO.

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Licenses ⬦34.**

Civ. Code, arts. 2301–2303, are regulatory only of rights of private parties making and receiving payments in error and are inapplicable to reconventional demand by corporation for recovery of license tax from which it claimed to be exempt under Const. 1898 and 1913, art. 229.

**2. Licenses ⬦8(1)—Taxation ⬦545.**

Laws regulating collection of taxes or licenses are sui generis, and constitute system to which general provisions of Civil Code have little application.

**3. Licenses ⬦34.**

License fee, paid by corporation under erroneous belief that ordinance imposing fee applied to its business, which money is presumed to have been expended for public purposes, cannot be recovered in absence of a special statute authorizing recovery.

**4. Evidence ⬦83(2).**

Money paid into municipal treasury for license fees is presumed to be expended for public purposes in orderly administration of city's business.

Appeal from Civil District Court, Parish of Orleans; Wm. H. Byrnes, Jr., Judge.

Action by the City of New Orleans against the Jackson Brewing Company, in which defendant filed a reconventional demand. From a judgment dismissing claims of both parties defendant appeals. Affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Francis P. Burns, Asst. City Atty., of New Orleans, for appellee.

ROGERS, J. The defendant is a corporation engaged in the manufacture of cereal beverages and soft drinks in the city of New Orleans. In 1921 it voluntarily paid $1,000 to the municipality as a license for the privilege of conducting its business during said year.

In May, 1922, the municipal authorities instituted a summary proceeding in the court a qua to compel the payment by defendant, as a manufacturer of malt beer, of an additional license of $2,000 for the previous year.

The defendant corporation, by way of defense, set up that it is not engaged in manufacturing intoxicating beer or malt liquor, and that it is not, therefore, amenable to the license ordinance of the city, and, further, that there is no municipal ordinance levying a license upon its business, which is exempt therefrom under article 229 of the Constitutions of 1898 and 1913. Defendant, alleging payment in error, reconvened to recover $1,000, the amount paid by it to the city as a license for conducting its business during the year 1921.

Plaintiff having abandoned its claim for additional license, the claim was dismissed by the court below, which also rejected defendant's reconventional demand. Defendant has appealed from the judgment.

[1] The sole question before us is the right of the defendant corporation to a recovery on its reconventional demand. This right of recovery is based upon Civ. Code, arts. 2301, 2302, and 2303, and the opinion of this court in Sims v. Mer Rouge, 141 La. 91, 74 So. 706.

[2] The codal articles relied upon by the defendant are inappropriate to the issue presented. They are regulatory only of the rights of private parties making and receiving payments in error, whereas laws regulating the collection of taxes or licenses are sui generis and constitute a system to which

the general provisions of the Civil Code have little, if any, application. Lisso & Bro. v. Police Jury, 127 La. 292, 53 So. 566, 31 L. R. A. (N. S.) 1141; La. Land & Imp. Co. v. Police Jury, 156 La. 849, 101 So. 241.

The decision in Sims v. Mer Rouge is likewise inapplicable here, since plaintiff in that case was allowed to recover because, first, there was no ordinance at all justifying the collection of the license tax; and, secondly, the money paid was still in the hands of the village authorities and could easily be returned without causing any disarrangement of the village finances.

[3, 4] In the instant case, there was an existing ordinance providing for the imposition and collection of a license tax. In the belief that this ordinance was applicable to its business, the defendant corporation paid, and the city authorities received, the amount now sought to be recovered under the reconventional demand. This money went into the municipal treasury, and presumably, since the contrary is not alleged or proved, has long since been expended for public purposes in the orderly administration of the business of the city. The general rule is, in the absence of a special statute authorizing such recovery, money thus paid may not be recovered. Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678; Lisso v. Police Jury, supra; Simpson v. City, 133 La. 389, 63 So. 57.

For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.