No.——

First Circuit

JONES v. POLICE JURY OF CAMERON PARISH

(January 7, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Taxation—Par. 388, 389.**

In the absence of special legislation to the contrary one who buys property at a tax sale is without recourse for the return of money expended, as all tax sales are executed without warranty.

2. **Louisiana Digest—Pleading—Par. 62.**

An exception no cause of action will be maintained and suit dismissed where petition is based on a claim to refund money paid state for invalid tax title, there being no legislation to require it.

Appeal from the District Court, Cameron Parish.

Action by A. L. Jones against Police Jury of Cameron Parish.

There was judgment dismissing plaintiff's demands on exception no cause of action.

Plaintiff appealed.

Judgment affirmed.

Griffen T. Hawkins, of Lake Charles, attorney for plaintiff, appellant.

John J. Robira, of Lake Charles, district . attorney for defendant, appellee.

LECHE, J. Plaintiff bought certain property at tax sale in the Parish of Cameron. He paid the price of adjudication, including all taxes, costs and penalties. Believing himself to be the lawful owner thereof, he proceeded to have the property assessed in his own name and continued to pay taxes thereon for several years, when, by a judgment of court, it was decreed that his title was null and void, as based on a sale for taxes which had previously been paid. In other words, there had been a dual assessment of the property, on which the tax debtor had promptly paid and continued to pay all taxes, and through the errors of the tax assessor and collector plaintiff had not acquired any title.

The present suit is to recover from the Parish of Cameron so much of the parish taxes, viz.: One hundred and forty-four and 5-100 dollars, as was paid by plaintiff upon the property which had thus erroneously been sold to him for non-payment of taxes.

Defendant excepted to plaintiff's demand as showing no right or cause of action. The trial judge maintained the plea and plaintiff has appealed.

In the case of Lindner vs. City of N. O., 116 La. 372, 40 South. 736, the court says:

"A tax sale, in the absence of special legislation to the contrary, is generally held to be subject to the rule 'caveat emptor', and the purchaser assumes the risk of all illegalities and irregularities in the proceedings, of which, as they are open to his inspection, he is presumed to have notice. He is therefore without recourse against the municipality at the

instance of which the sale is made, and which not pretending to sell its own property warrants neither the title nor the return of the price."

See also Lisso & Bro. vs. Police Jury of Natchitoches, 127 La. 283, 53 South. 566, which is to the same effect, and which holds that "the laws regulating tax sales and the collection of taxes are sui generis and constitute a system to which the general provisions of the Civil Code have, ordinarily, but little application". See also Louisiana Land Co. vs. Police Jury of Grant Parish, 156 La. 849, 101 South. 241; Simpson vs. City of N. O., 133 La. 384, 63 South. 57.

The ruling of the trial judge is supported by law; it should be affirmed, and it is so ordered.