CRESCENT CITY BLDG. & HOMESTEAD ASSN. v. CITY OF NEW ORLEANS

(May 2, 1932. Opinion and Decree.)

H. W. & H. M. Robinson, of New Orleans, attorneys for plaintiff, appellant.

Michel Provosty and Chas. A. Danna, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. The plaintiff, a building and homestead association, alleging that, through inadvertence, it paid the city of New Orleans taxes in the sum of $143.76 for the year 1926 upon property standing in the name of Mrs. Anna C. Damonte, which taxes had been previously paid by some one else, brings this suit against the city of New Orleans for reimbursement. The city excepted that the plaintiff's petition disclosed no cause of action, and, in compliance with the rules of the First City Court, at the same time answered, denying the allegations of the petition. The exception was referred to the merits, and, after hearing of the cause, there was judgment in favor of the defendant, dismissing plaintiff's suit. Plaintiff has appealed.

The exception of no cause of action is based upon the ground that a tax or assessment voluntarily paid cannot be recovered. City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110; Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678; Lisso & Bro. v. Police Jury, 127 La. 292, 53 So. 566, 31 L. R. A. (N. S.) 1141; Simpson v. City of New Orleans, 133 La. 384, 63 So. 57. Counsel for plaintiff insist that the doctrine of the cases relied upon by defendant is not applicable here, for the reason that the present suit is not "for taxes paid in error, nor for taxes excessively assessed, but for reimbursement of an amount of money paid to the City of New Orleans in error." Reliance is placed upon Civ. Code, arts. 2301, 2302, and 2303, and upon State ex rel. Newgass v. City of New Orleans, 38 La. Ann. 119, 58 Am. Rep. 168, where it was held that under articles 2301, 2302 an artificial person (the City of New Orleans, for example), as well as a natural person, is obligated to restore whatever is paid in error, whether through mistake or otherwise. This case would appear to be in point and helpful to plaintiff's contention, were it not for the fact that in City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110, 111, decided about forty years later, it was held that the right of recovery based upon Civ. Code, arts. 2301, 2302, and 2303, has no application to the city of New Orleans in the collection of taxes, because "they are regulatory only of the rights of private parties making and receiving payments in error, whereas laws regulating the collection of taxes or licenses are sui generis and constitute a system to which the general provisions of the Civil Code have little, if any, application. Lisso & Bro. v. Police Jury, 127 La. 292, 53 So. 566, 31 L. R. A. (N. S.) 1141; La. Land & Imp. Co. v. Police Jury, 156 La. 849, 101 So. 241." In declining to permit plaintiff in that case to recover under the articles of the Code referred to, the court said:

"* * * This money went into the municipal treasury, and presumably, since the contrary is not alleged or proved, has long since been expended for public purposes in the orderly administration of the business of the city. The general rule is, in the absence of a special statute authorizing such recovery, money thus paid may not be recovered. Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678; Lisso v. Police Jury, supra; Simpson v. City (of New Orleans), 133 La. 389, 63 So. 57."

In our opinion, the exception of no cause of action in this case should have been maintained and plaintiff's suit dismissed.

The view we entertain with reference to the exception makes it unnecessary to discuss the merits of the case.

Consequently, and for the reasons herein assigned, the judgment is affirmed.