ROGERS, Justice.
 

 The Central Savings Bank & Trust Company brings this suit against the City of Monroe to recover the sum of $5,571.80, with interest, alleging that through error of law it paid the principal sum claimed for taxes for the years 1933 to 1937, inclusive, on property exempt from taxation. The defendant municipality filed an exception of no right or cause of action to plaintiff’s demand. The exception was maintained and plaintiff's suit dismissed. Plaintiff has appealed from the judgment.
 

 Plaintiff bank predicates its demand on section 4 of Act 14 of the Extra Session of 1917, as amended by Act 221 of 1928 and Act 6 of 1934. These statutory provisions set forth the manner of computing the value of the shares of stock of a bank for purposes of taxation. Specifically, they provide that the capital stock of any bank must be assessed at its true value subject to an allowance for the value of all real estate and paid-in capital of any subsidiary wholly owned by the bank.
 

 The plaintiff bank, for the years 1933 through 1937, in rendering its capital stock for assessment purposes, failed to deduct the value of the capital stock of the Central Company, Inc., a real estate holding company organized by plaintiff. As a result of the failure of the plaintiff bank to make this deduction, its capital stock was actually assessed for an amount greater than that required by law. The plaintiff bank discovered its error in the year 1939 and brought this suit, after an unsuccessful demand upon the defendant municipality for the return of the amount of taxes erroneously paid.
 

 Defendant’s exception of no right or cause of action is predicated ■ upon two propositions of law, first, that plaintiff’s ■suit is in effect one for the reduction of an assessment, and as provided by Act 97 of 1924, should have been brought within thirty days after the assessment rolls were filed, and secondly, that recovery must be denied plaintiff, because taxes voluntarily
 
 *748
 
 paid to a municipality in error of law can not be recovered unless the taxes, not having been budgeted or expended, are intact in the possession of the municipality.
 

 We do not find it necessary to consider the first ground urged in support of the exception, because, conceding that the action of the bank for the return of the taxes erroneously paid is not barred by the provisions of Act 97 of 1924, the second ground urged in support of the exception -is well-founded, and must prevail.
 

 Plaintiff predicates 'its right to recovery upon the decisions
 
 of
 
 this court in Catholic Society v. City, of New Orleans, 10 La.Ann. 73; Bank of New Orleans v. City of New Orleans, 12 La.Ann. 421; and Sims v. Village of Mer Rouge, 141 La. 91, 74 So. 706.
 

 In the first of the cited cases; the Catholic Society was allowed to recover the taxes paid on property used for schools, the decision resting upon certain articles of the Civil Code. But, in a number of cases subsequently decided, this coúrt held that the articles of the Civil Code are inapplicable to actions for the recovery of taxes erroneously paid. Lisso & Bro. v. Police Jury, 127 La. 283, 292, 53 So. 566, 31 L.R.A.,N.S., 1141; Dupre v. City of Opelousas, 161 La. 272, 108 So. 479; City of New Orleans v. Jackson Brewing Company, 162 La. 121, 110 So. 110.
 

 In Lisso & Bro. v. Police Jury [127 La. 283, 53 So. 568, 31 L.R.A.,N.S., 1141], this court made the:' following comment upon the case of Catholic Society v. City: “It is true that our predecessors-in this court have held that taxes, though paid voluntarily, might be recovered where the property was exempt from taxation. Catholic Society v. City [of New Orleans], 10 La. Ann. [73], 75. Upon the other hand, it has been held that, though the ordinances under which taxes paid were found to be unconstitutional or illegal, there was, nevertheless, a natural obligation on the part of the taxpayer sufficient to preclude recovery. Campbell v. City [of New Orleans], 12 La.Ann. 34; Factors & Traders’ Ins. Co. v. City [of New Orleans], 25 La. Ann. 454; Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678.”
 

 The decision in the Bank of New Orleans case was based partly on the prior decision in the case of Catholic Society. There the court allowed the bank to recover taxes paid “on its profession,” which at that time was exempt from taxation. But in the case of New Orleans Canal & Banking Co. v. City of New Orleans, 30 La.Ann. 1371, this court, quoting from Dillon on Municipal Corporations, said with reference to the right to recover taxes paid on an unauthorized assessment, that the payment must have been made upon compulsion, to prevent the immediate seizure of the taxpayer’s goods or the arrest of his person, and not voluntary; in other words, that the assessment on which the tax erroneously paid is based must not only be, unauthorized, but the .payment must be an involuntary one, made under coercion or duress.
 

 In Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678, 680, this court, again quoting from Dillon on Municipal Cor
 
 *750
 
 porations, stated what coercion or duress must consist of to render the payment of a tax an involuntary payment, viz. — “The coercion or duress which will render a payment of. taxes involuntary must, in general, consist of some actual or threatened exercise of power possessed or believed to be possessed by the party exacting or receiving the payment over the person or the property of another, from which the latter has no [other] means or reasonable means of immediate relief except payment.”
 

 In Sims v. Village of Mer Rouge, the taxpayer was allowed to prosecute his action for recovery of the license tax, not only because there was no ordinance justifying the collection of the the license, but also because the payment was involuntary, made under fear of a criminal prosecution, and the tax money sought to .be recovered was in possession of the village authorities and could be returned without disarranging the village’s finances.
 

 In the instant case, the property on which the taxes were erroneously paid was not exempt from taxation. It was subject to taxation less certain deductions which the taxpayer was permitted to-claim in computing its taxable value. Section 4, Act 14 of 1917, as amended. The most that can be said of the assessment on which- the taxes, erroneously paid, were predicated is that it was excessive, because of the failure of the bank to claim the deduction to which it was entitled under the law. A taxpayer is presumed to know the law and he has the right to investigate the legality of the taxes he is called upon to pay. The presumption of knowledge of law on the part of the plaintiff bank was strengthened by the notice appearing on the report filed by the bank with the Louisiana Tax Commission, calling attention to the provisions of section 4 of Act 14 of the Extra Session of 1917, with its amendments, and advising the bank to file its report in accordance with the provisions of the statute. If the bank failed to investigate the law in order to ascertain its rights, the fault was that of the bank and not of the taxing authorities. Based on the silence of the bank and its acquiescence
 
 in
 
 the legality of the taxes, the municipal authorities prepared the municipality’s budget and disbursed its funds for public purposes. Under the general law, the property of the bank was liable to taxation; hence, the bank was under a natural obligation to contribute its proportionate share to the sup•port of the municipal government from which it derived its benefits.
 

 Although it may be true that a perfect obligation to pay- did not arise because of the right accorded to the bank to claim a deduction in its taxes equal to the taxes paid on other property owned by the bank, still as the bank voluntarily, paid, without protest, an amount naturally due, the bank can not, on a plea of error, reclaim it in a suit against the municipality. The bank’s only remedy is to bring moral suasion to bear on the municipal authorities to arrange for the return of the money erroneously paid in due course of the administration of the municipality’s business. The' general rule governing cases -of this kind is stated in Cooley, on Taxation, Third
 
 *752
 
 Edition, vol. 2, pages 1497-1499, as follows : “That a tax or assessment voluntarily paid cannot be recovered back the authors generally agree. And it is immaterial in such case that the tax or assessment has been illegally paid or even that the law under which it was laid was unconstitutional. The principle is an ancient one in common law, and is of general application. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back. * * * Mistake of fact can scarcely exist in such a case except in connection with negligence, as the illegalities which render such a demand a nullity must appear from the records, and the taxpayer is just as much bound to inform himself what the records show or do not show as the public authorities.”
 

 This rule was quoted with approval in Simpson v. City of New Orleans, 133 La. 384, 63 So. 57. Among the recent cases in which the rule was applied are Dupre v. City of Opelousas, 161 La. 272, 108 So. 479, and City of New Orleans v. Jackson Brewing Company, 162 La. 121, 110 So. 110.
 

 In the Dupre case, the City of Opelousas levied a tax of eight mills on the dollar on the assessed valuation of property within the city. The levy was violative of a constitutional provision forbidding a municipality to levy and collect taxes’ ón a value in excess’of seven mills in any one year. Plaintiffs paid the tax as levied and later, discovering that it was excessive, brought suit to recover the amount paid by them. The district court denied recovery and this court, after reviewing the law on the subject, affirmed the judgment.
 

 In the Jackson Brewing Company case, the City of New Orleans sought to collect an additional license tax from the Brewing Company under one of its ordinances. The Brewing Company resisted the demand on the ground that it was exempt from license taxes by the provisions of the State Constitution and that the license tax claimed was not due. The Brewing Company reconvened for an amount voluntarily paid to the city as a license for conducting its-business. The city’s claim for an additional license having been abandoned the case was decided on the claim of the Brewing Company for the return of the amount allegedly paid in error. This court held that the articles of the Civil Code relative to recovery of money paid in error do not apply to license .taxes, and in the absence of coercion on the part of the taxing authorities, a license fee paid in error of law can not be recovered.
 

 As relates to. plaintiff’s contention that the City of Monroe, through the operation of busses and a power and light plant, is the recipient of sufficient funds out of which plaintiff can be reimbursed without adding to the burden of the taxpayers, it is sufficient to say that we do not find the contention well founded. The funds received by the City of Monroe from the operation of its public utilities, during the years for which the overpayment of taxes is claimed, Have been budgeted and used in
 
 *754
 
 defraying the expenses of the municipality. A judgment ordering .repayment of the taxes out of the present income of the municipality might upset the orderly administration of its business, which is something the court can not assume the prerogative of deciding.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 FOUE.NET, J., absent.