In this suit plaintiff seeks to recover from the town of Kinder, the sum of $601.67 for licenses paid by her under ordinances of the said town which, she alleges, it had no right, power or authority to levy.
In her petition plaintiff alleges that she is and has been engaged in the business of retail dealer in alcoholic beverages in the town of Kinder since the year 1945 and since 1945 she has engaged in a general retail liquor business, or what is known and conducted as a saloon where alcoholic beverages are sold at retail by drink or otherwise.
She then alleges that on January 1, 1945, the town of Kinder, under an alleged ordinance levying a license tax on a package liquor store required that she pay the sum of $566.67 as a license or permit to conduct a package liquor store business and during the year 1947 the said town, through an alleged ordinance for operating a retail beer business; required that she pay also the sum of $35 as a license for operating the business of selling beer, wine, porter and ale. She annexed to her petition a license issued by the town of Kinder dated June 11, 1945, showing payment of the sum of $566.67 and granting her a permit to pursue and follow the occupation of package liquor at retail for the year ending December 31, 1945, and also a permit dated April 17, 1947 upon her having paid a fee of $35 to engage in the business of retail sale of beer within the corporate limits of the town, at one place of business.
Other than as herein outlined the petition contains no further allegation save the one that repeated amicable demand has been made without avail.
The defendant town of Kinder, represented by its mayor and Board of Aldermen, filed an exception of no cause or right of action to plaintiff's petition. This exception was overruled by the trial judge and defendant having failed to file an answer or any further pleadings, judgment by default was entered in favor of the plaintiff which in due time was confirmed and made final. From that judgment this appeal was taken.
It seems to have been the contention made in behalf of the defendant in the lower court that no remedy had been provided by statute for the recovery of licenses paid under an erroneous belief that the ordinance imposing the same applied to the business being conducted by the person who paid the same. We say that must have been the contention made because apparently the case of City of New Orleans v. Jackson Brewing Co.,162 La. 121, 110 So. 110, in which such ruling was made, is the authority that was relied upon.
The answer made for the plaintiff to that contention was that since the decision of the case cited, the Legislature, in carrying out the provision of Sec. 18 of Art. X of the Constitution of 1921, that it enact "a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him" adopted two acts affording the tax payer such remedy. One was Act 16 of the Second Extraordinary Session of 1934 and the other Act No. 23 of the Second Extraordinary Session of 1935. The case of Triangle Oil Co. v. City of New Orleans, La. App., 5 So.2d 558, was cited as authority showing that these two statutes, particularly the latter, provided such a remedy and we take it that it was *Page 50 
on the basis of that authority that the exception of no cause or right of action was overruled by the trial judge.
[1] Practically the same contentions are made in the briefs on which the case was submitted to this court with this elaboration on the part of counsel for defendant: That conceding there was a remedy provided by Act No. 23 of the Second Extraordinary Session of 1935 in favor of license — or tax-payers who find themselves in the position of the plaintiff in this case, the act further outlined a certain procedure which had to be followed before suit could be filed and plaintiff's petition was void of any allegations showing that those requirements of the statute had been observed. It was suggested that as nothing was said in the opinion in the case of Triangle Oil Co. v. City of New Orleans, supra, on this point, it may well have been that the procedure directed in the act had been carried out. Regardless of this, however, the decision in the present case has to be governed by the more recent case of A. Sulka Co. v. City of New Orleans,208 La. 585, 23 So.2d 224, in which it was held that Act No. 16 of the Second Extraordinary Session of 1934 and Act No. 23 of the Second Extraordinary Session of 1935 had both been merged into Act No. 330 of 1938 by which they were amended and reenacted and they had, accordingly, ceased to exist. The prevailing act under which plaintiff in this case had to proceed therefore, is Act No. 330 of 1938. Section 1 of that Act specifically provides "that no court of this State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution." It appears then that any one charged with the payment of a tax under a statute or an ordinance which he may consider illegal or unconstitutional cannot invoke injunctive relief from the courts to resist payment. Instead, the act further provides in Sec. 2 (a) a method of procedure to be followed by him, under which he must pay the amount found due and then directs the disposition to be made by the collecting officer of the amount paid to the end that it can be refunded in the event the court should eventually decide in a suit brought for recovery, that he did not owe the tax. On his part the person resisting payment shall, according to the terms of the act, "pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same; * * *." By further provision of the act, the officer designated by law for the collection of the tax, shall, upon receipt of notice of intention that suit will be filed, segregate and hold the amount paid for a period of thirty days and in the event suit is filed within that period for recovery of the amount paid, he shall continue to hold the same segregated pending the outcome of the suit.
[2] In the case of A. Sulka Co. v. City of New Orleans, supra, it was held that compliance by the tax payer with the requirements of the act, especially those regarding notice of suit to be given and the actual filing of suit within thirty days thereafter, was necessary if his suit was to be maintained. In this case plaintiff does not allege compliance by having given notice of her intention to file suit, at the time she paid the licenses she complains of and furthermore her suit was filed far more than thirty days after she had made the payment in each case. It follows therefore that her suit cannot be maintained.
We have concluded therefore that the exception of no right of action filed on behalf of the defendant should have been sustained and necessarily the judgment of the district court will have to be reversed.
For the reasons stated it is now ordered, adjudged and decreed that the judgment appealed from be and the same is hereby reversed, annulled and set aside and it is further ordered, adjudged and decreed that the exception of no right of action herein filed on behalf of the defendant, Town of Kinder, be and the same is hereby sustained and accordingly plaintiff's suit is dismissed at her costs. *Page 51