On Rehearing
MOISE, Justice.
Olan Mills Incorporated of Tennessee, engaged in the business of itinerant vendor of photographs, seeks to enjoin the enforcement of Ordinance 416 of the City of Bogalusa, Louisiana, providing for the payment of a license tax of $50 for each itinerant vendor and prescribing a regulatory bond of $2,000 to secure the performance of work contracted for by customers and protect the inhabitants of the City of Bogalusa from any possible injury or damage suffered from dealing with any itinerant vendor. The ordinance sets forth that any person violating any of its provisions shall upon conviction be fined not less than'$50 nor more than $100.
Venturing to supplement what has been so well said in the majority opinion on the question of the jurisdiction and power of the district court to enjoin the enforcement of the regulation enacted under the police power of the municipality, we beg to emphasize the distinction or differentiation which the capable respondent judge apparently overlooked, and that is that a preliminary injunction will not be granted unless there be found three concurring conditions, to wit: The invasion of a property right must be clearly shown; the unconsti *665 tutionality or illegality o'f the ordinance must be manifest; and the judge must be satisfied that the applicant is threatened -with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy. This has been an ■established rule since this Court passed up-en the question in the case of Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212. We have held that all three requisites must be made apparent with reasonable certainty. State ex rel. Tranchina v. City of New Orleans, 141 La. 788, 75 So. 683.
The majority opinion expressed views well worthy of consideration in this case both on the question of jurisdiction and the scope of authority of the police power or■dained for the protection of the inhabitants •of the community. Under no other consideration than that set forth above will the equitable arm of the district court interfere with the enforcement of the police ordinances. See, Osborn v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955.
The decisions of this Court have 'kept step with the history and development •of the police power because that is the history of new forces, inventions and physical .agencies of all kinds which enter into the life of communities such as the City of Bogalusa. The police power is called on to control and regulate these agencies in •order that they may produce their harvest •of benefits, but, being itinerant in their occupational business, may not become a means of injury to the people of a town or municipality such as Bogalusa. See, Fernandez v. Alford, 203 La. 111, 13 So.2d 483; City of Shreveport v. Schulsinger, 113 La. 9, 36 So. 870; Zerlin v. Louisiana Real Estate Board, 158 La. 111, 103 So. 528.
The greatest authority on the police power is Freund, and on Page 3, Paragraph III, The Police Power, we find as follows:
“From the mass of decisions, in which the nature of the power has been discussed, and its application either conceded or denied, it is possible to evolve at least two main attributes or characteristics which differentiate the police power. It aims directly to secure and promote the public welfare; and it does so by restraint and compulsion. It will be necessary to offer a few general observations upon these two points, bearing in mind that it is not by general statements but only by detailed examination of statutes and decisions that the power can be fully understood and defined. Such an examination will show what has been done and what has been approved by experience, what has been attempted and has failed, what has been surrendered, and what is aimed at and in process of being accomplished. It will reveal the police power not as a fixed quantity, but as the expression of social, economic and political conditions. As long as these conditions vary, the *667 police power must continue to be elastic- — capable of development.”
Indeed, Freund says:
“From the vagueness of the term ‘police,’ it has been inferred that the police power is equally undefined, so much so that a recent author has gone so far as to deny its existence, treating it as a fiction and holding it equivalent to undefined supremacy.”
It is a fact that every law or ordinance is presumed to be valid unless clearly shown to encroach on fundamental rights or to be repugnant to the express provisions of the Constitution. State v. Rones, 223 La. 839, 67 So.2d 98.
Ordinance 416 of the City of Bogalusa responds to the demands of new conditions that have come into the city life of Bogalusa, and this ordinance is a manifestation of the elasticity of the police power which at all times must adopt and express itself in the manner prescribed by new demands, new conditions and the new agencies and activities in every community. It states that the $50 license fee shall be compensation to the City to partially defray the expenses of enforcing the provisions of this ordinance. .
In fact, so careful were the framers of the organic law in protecting the scope and extent óf the police power of a town, city or the State itself that they issued an admonition to the courts which is contained in Article 19, section 18 of the Constitution of 1921 which provides that “the exercise of the police power of the State shall never be abridged.”
We must remember that the City Charter of Bogalusa, Act No. 14 of 1914 as amended, granted to the Commission Council the privilege of levying license taxes of various kinds. Ordinance 416 of the City of Bogalusa imposes a license tax on the occupation of itinerant vendor of photographs. Within the regulation of the police power* it provides for the imposition of a bond in the sum of $2,000.
Freund, on Police Power, Section 40* Page 36, says:
“Bonds and Deposits: Somewhat related to the requirement of a license is that kind of bond or deposit to secure the faithful compliance of police regulation and satisfaction of liability that may arise from their violation, or to serve as a negligence fund for persons who had suffered from the fraudulent conduct of the business. As a subsidiary measure of police control, it appears to be permissible whenever a license may be required, but it is resorted to less frequently.”
The Court’s attention on original hearing was not referred to Article X, section 18 of the Constitution of 1921 nor Act No.. 330 of 1938, LSA-R.S. 47:1575, 47:1576, 47:2110. Article X, section 18, issues a commandment to the Legislature that it:
*669 “shall provide against the issuance of process to restrain the collection of any tax and for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him.”
In obedience to that mandate the legislature passed Act No. 330 of 1938. Section 1 reads:
“That no court of this State shall issue any process whatsoever to restrain the collection of any tax imposed by the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution.”
Section 2 sets forth adequate remedies for the aggrieved taxpayer, thus affording to itinerant vendors such as Olan Mills Incorporated of Tennessee an adequate remedy at law. This act of 1938 and its provisions were upheld by a majority opinion written by Mr. Justice Hawthorne in the case of Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.
By reason of the Sulka decision, supra, Mr. Justice Le Blanc when a judge of the ■Court . of Appeal stated in the case of Austin v. Town of Kinder, 36 So.2d 48, 50:
“ * * * The prevailing act under which plaintiff in. this case had to proceed therefore, is Act No. 330 of 1938. Section 1 of that Act specifically provides ‘that no court of this State shall ■issue' any 'process whatsoever to restrain the collection of any tax imposed by -the State of Louisiana, or by any political subdivision of the State of Louisiana, under authority granted to it by the Legislature or by the Constitution.’ It appears then that any one charged with the payment of a tax under a statute or an ordinance which he may consider illegal or unconstitutional cannot invoke injunctive relief from the courts to resist payment. Instead, the act further provides in sec. 2(a) a method of procedure to be followed by him, under which he must pay the amount found due and then directs the disposition to be made by the collecting officer of the amount paid to the end that it can be refunded in the event the court should eventually decide in a suit brought for recovery, that he did not owe the tax. On his part the person resisting payment shall, according to the terms of the act, ‘pay the amount found due by the officer designated by law for the collection of the said tax and shall give the officer notice, at the time, of his intention to file suit for the recovery of the same; * * *.’ By further provision of the act, the officer designated by law for the collection of the tax, shall, upon receipt of notice of intention that suit will be filed, segregate and hold the amount paid for a period of thirty days and in the event suit is filed within that period for recovery *671 of the amount paid, he shall continue to hold the same segregated pending the outcome of the suit.”
This corporation, Olan Mills Incorporated of Tennessee, has heretofore engaged in litigation in the courts of the State of Louisiana, as shown in the suit of City of Alexandria v. Jones, 216 La. 923, 45 So.2d 79, 80. There, the City of Alexandria instituted a criminal prosecution against one of the vendors of the present corporation for the violation of Penal Ordinance No. 500 of the City of Alexandria, “regulating solicitors, peddlers, * * * itinerant merchants or transient vendors of merchandise in the City of Alexandria, Louisiana”. The defendant was charged with soliciting orders from door to door. On this occasion, Olan Mills exercised the correct procedure by a defense in the court where the prosecution was instituted which challenged the right of the City of Alexandria to enact the ordinance because of its alleged unconstitutionality.
It is not necessary to pass on the contention of the alleged unconstitutionality of the Bogalusa ordinance. Such can be done if and when the restraining order tying the hands of the prosecution has been removed.
For the reasons assigned, the majority opinion sustaining the exception of no legal cause or right of action is reinstated as the judgment of this Court. Plaintiff’s suit is dismissed at its cost.
LE BLANC, J., concurs with written reasons.
FOURNET, C. J., concurs in the decree, being in full accord with the views expressed in Mr. Justice LE BLANC’S concurring opinion.
McCALEB, J., dissents with written reasons.