LOTTINGER, Judge.
This appeal concerns the right of a taxpayer to recover, or be given credit for, taxes paid through error. The suit originated as an action by the Parish of East Baton Rouge against the defendant for the 1962 occupational license tax in the amount of $90.00. The defendant admits that the amount claimed is correct but claims a $50.00 credit against same as the result of erroneously overpaying his 1961 license tax in that amount. The Lower Court rendered judgment in favor of the Parish as prayed for and the defendant has appealed.
It will be observed at the outset that the matter involves the erroneous overpayment of a tax and not one paid under protest. This being the case, it appears that the position taken by the Trial Judge is supported by the jurisprudence.
In the case of Simpson v. City of New Orleans, 133 La. 384, 63 So. 57, our Supreme Court approved counsel’s citation from Cooley on Taxation as follows:
“That a tax or assessment voluntarily paid cannot be recovered back the authors generally agree. And it is immaterial in such case that the tax or assessment has been illegally paid or even that the law under which it was laid was unconstitutional. The principle is an ancient one in common law, and is of general application. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot afterwards assign his ignorance of the law as a reason why the state should furnish him with legal remedies to recover it back. * * * ”
The case of Central Savings Bank & Trust Co. v. City of Monroe, 194 La. 743, 194 So. 767, involved a claim by the plaintiff bank for taxes paid through error on property exempt from taxation. In denying recovery the Court held as follows:
“Although it may be true that a perfect obligation to pay did not arise because of the right accorded to the bank to claim a deduction in its taxes equal to the taxes paid on other property owned by the bank, still as the bank voluntarily paid, without protest, an amount naturally due, the bank can not, on a plea of error, reclaim it in a suit against the municipality.”
LSA-R.S. 47:1575 and LSA-R.S. 47:-1576 have been held to be exclusive. See A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224, and Austin v. Town of Kinder, La.App., 36 So.2d 48. The cited statutes provide for recovery only where payment has been made under protest which, as pointed out before, is not the situation presented here.
Counsel for defendant refer us to the holding in Sims, et al. v. Village of Mer Rouge, 141 La. 91, 74 So. 706. That ruling, however, was commented upon in La.App., Bagnesis v. City of New Orleans, 130 So.2d 421, as follows:
“As a further alternative, plaintiff contends that he is entitled to relief by virtue of the provisions of LSA-Civil Code Article 2301 as was granted to the taxpayers in Sims v. Village of Mer Rouge. In that case the taxpayer paid a license tax to sell near beer for the years 1913 and 1914, when the town had only levied a tax in 1913 and had not done so the following year. Because the money was paid by mistake, the court ordered it refunded for the reason that payment was not made in response to a levy. Defendant cites this pronouncement as an exception to the statute now in effect and the jurisprudence interpretative thereof holding *102 that the statute is an exclusive remedy. We do not believe that the Sims case holds that a tax may be refunded which has been illegally levied under Article 2301, but even if it did, the contention would possess no merit because the statute now in effect had not been enacted at the time this case was decided, and the decision, thus interpreted, would have been legislatively overruled.”
In addition to the above, counsel for defendant contends that the state of Louisiana authorizes refunds of overpayments as provided in LSA-R.S. 47:1621 and since the Parish of East Baton Rouge gets its authority to levy occupational license taxes under LSA-R.S. 47:397, it must follow the various statutes outlined for the collection of such taxes and in the same manner as is outlined for the state.
LSA-R.S. 47:397 provides as follows:
“Any municipal or parochial' corporation shall have the right to impose a license tax on any business, occupation or profession herein enumerated, provided that all such license taxes shall conform to the provisions of Section 8 of article X of the Constitution. The tax collector, administrator of ‘finance, treasurer or any other officer, whose duty it shall be to receive and collect the taxes and money due to each municipal or parochial corporation, may enforce the collection of any and all taxes due within the same time and in the manner that is now or may hereafter be provided for the collection of taxes due to the state.” (Emphasis supplied)
From a reading of the above, it is apparent that the municipal or parochial government may enforce the collection of taxes and in the same manner as the state but it is not mandatory to do so. This section does not require the local government to follow LSA-R.S. 47:1621 dealing with refunds from the state and defendant has cited us no law of the Parish of East Baton Rouge dealing with such a refund.
From the foregoing we conclude that under existing statutory authority (LSA-R.S. 47:1576), as interpreted by the cited decisions, there is no provision made for the relief sought by defendant. This conclusion may appear to be inequitable, but if so, it is a matter which addresses itself to the legislature and the governing body of the parish.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.