ELLIS, Judge.
This is an appeal by plaintiff Gillette Tire Distributors, Inc. from a judgment sustain *1256 ing an exception of no cause of action filed by defendants, the City of Baton Rouge and the Parish of East Baton Rouge.
Plaintiffs petition and amended petition allege that between the dates of May, 1970, and April, 1975, it inadvertently overpaid the sales tax due to defendants by $30,-515.58. It is further alleged that the defendants voluntarily refunded the overpay-ments made from June, 1973, to April, 1975, but have refused to refund the balance of the overpayments.
The exception of no cause of action filed by defendants is based on the general proposition of law that taxes voluntarily, but erroneously, paid, whether because of mistake of fact or law, cannot be recovered in the absence of special statutory authorization. A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224 (1945); Simpson v. City of New Orleans, 133 La. 384, 63 So. 57 (1913); Parish of East Baton Rouge v. Varnado, 153 So.2d 100 (La.App. 1st Cir. 1963).
The only statutory authority for the refund of sales taxes paid in error, without protest, is Title 9, Section 144 of the Code of Ordinances for the City of Baton Rouge and the Parish of East Baton Rouge, which provides:
“Where no question of fact or law is involved, and it appears from the records of the Parish of East Baton Rouge that any monies have been erroneously or illegally collected from any dealer, or have been paid by any dealer under a mistake of fact or law, the director of finance may, at any time within two (2) years of payment, upon making a record in writing of his reasons therefor, certify that any dealer is entitled to such refund, and thereupon, the director of finance shall authorize the payment thereof from any appropriation available for such purposes.”
Pursuant to the foregoing provisions, the Director of Finance made a refund of the overpayments for the two year period prior to the discovery of the error. It is clear that the Director has no discretion to make refunds of overpayment made more than two years prior to the request for refund.
We find no procedure in the Code of Ordinances to compel the refund of amounts erroneously paid under the circumstances of this case. Sections 133 and 142 of Title 9 deal with payment made under protest, when there is a dispute as to the validity or applicability of the law, or as to the propriety of an assessment of tax made by the Director of Finance. Section 130 of Title 9 provides for refund when an article has been returned to the dealer. Nowhere does the Code of Ordinances provide for the recovery, by suit or otherwise, of overpay-ments made in error more than two years prior to the date of the claim. We think that the trial judge properly applied the general rule in finding that plaintiff had no cause of action.
Plaintiffs arguments that various provisions of the Civil Code are applicable are without merit. It is settled that laws regulating the collection of taxes or licenses are sui generis and constitute a system to which the general provisions of the Civil Code have little, if any, application. City of New Orleans v. Jackson Brewing Co., 162 La. 121, 110 So. 110 (1926); Lisso & Bro. v. Police Jury, 127 La. 283, 53 So. 566 (1910).
It is not suggested by plaintiff that it can allege any additional facts which would cure the fatal defect in its petition. The fact is that plaintiff, with full knowledge of the facts, and presumed knowledge of the law, overpaid the sales tax due the defendants, and that the law provides no remedy for the recovery of overpayment made more than two years prior to the request for refund.
The judgment appealed from is therefore affirmed at plaintiffs cost.
AFFIRMED.